■ DION A. HOLT et al., Appellants, v 45 EAST 66TH STREET OWNERS CORP., Respondent.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about November 13, 1989, which granted defendant summary judg-

ment dismissing the complaint, unanimously affirmed, with costs.

On March 20, 1987, a plan was issued to convert the premises to condominium ownership with the residential units structured as a cooperative corporation. The fourth amendment to the offering plan, dated June 27, 1988, provided that the board of directors may impose a transfer fee (flip tax) on the sales of shares of the defendant corporation. Plaintiffs subscribed and closed title on the shares allocated to their apartment on September 27, 1988. On October 25, 1988, plaintiffs entered into a contract of sale to a third party, which contract provided that plaintiffs sellers agreed to pay any "flip tax" imposed. On November 16, 1988 the shareholders elected a board of directors which met and voted to implement a transfer fee of $50 per share effective immediately. The board also voted to interview the prospective purchaser and specifically agreed that a "flip tax" would be imposed on the sale. The purchaser was thereafter approved and the closing took place on December 20, 1988. Plaintiffs refused to pay the "flip tax" and the moneys were deposited in an escrow account. Plaintiffs thereafter commenced this action for a declaratory judgment that the transfer fee was an improper retroactive "flip tax". Defendant counterclaimed to validate the fee. Defendant thereafter moved for summary judgment which motion was granted. The court held that the board of directors had the authority to impose the "flip tax" effective immediately and that the fee was not retroactive since the transaction was not yet complete. We agree.

Where the imposition of a "flip tax" is validly adopted pursuant to the terms of the offering plan and the shareholder, having received the plan, has knowledge that a "flip tax" may be imposed, and where the sale has not been substantially completed, the selling shareholder may not avoid payment thereof (Mogulescu v 255 W. 98th St. Owners Corp., 135 AD2d 32; Quirin v 123 Apts. Corp., 128 AD2d 360). There exist no questions of fact and accordingly summary judgment was properly granted. Concur—Kupferman, J. P., Ross, Rosenberger and Smith, JJ.